Carol Lynn Finklehoffe. CA Bar No. 220309
LIPCON MARGULIES & WINKLEMAN
One Biscayne Tower, Suite 1776
Miami, FL 33131
Tel: 305-373-3016
Fax: 305-373-6204
Email: cfinklehoffe@lipcon.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARIE GALLOWAY,<br><br>     Plaintiff,<br><br>vs.<br><br>PRINCESS CRUISE LINES, LTD., a corporation for profit, PARK WEST GALLERIES, INC., a corporation for profit,<br><br>     Defendants. | CASE NO.:<br><br>**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROSEMARIE GALLOWAY brings this action individually. This action is brought against Defendant PRINCESS CRUISE LINES, LTD. (hereinafter "PRINCESS") and PARK WEST GALLERIES, INC. ("PARK WEST"), for personal injuries sustained by Plaintiff ROSEMARIE GALLOWAY seeks damages and demands a jury trial on all issues so triable against Defendant PRINCESS.

1

Complaint and Demand for Jury Trial

## Jurisdiction

1. This action is an action under general maritime law and the laws of California, as applicable.

2. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

3. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because PRINCESS unilaterally inserts a forum selection clause into its cruise tickets that require its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

4. Defendants, at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Purposefully availed themselves of the benefits of conducting activities in California by purposefully directing their activities toward the state, thereby obtaining the benefits and protections of the state's laws;

   e. The acts of the Defendants set out in this Complaint occurred in whole or in part in this state and/or county;

   f. The cruise line ticket for the Plaintiff requires that suit be brought in this Court against PRINCESS and all concessionaires, independent contractors, and retail shop personnel, which includes

PARK WEST;

g. The contractual agreement between PRINCESS and PARK WEST requires that any disputes, including personal injury claims of passengers, be brought in this Court.

## The Parties

5. Plaintiff was and is a resident of Florida.

6. At all times material, PRINCESS was and is a for-profit corporation with its worldwide headquarters, principal address, and principal place of business located in the County of Los Angeles.

7. At all times material, PRINCESS was and is a common carrier engaged in the business of marketing, selling, and operating a cruise line out of various ports throughout the world including, Los Angeles, California, and Fort Lauderdale, Florida.

8. At all times material, PRINCESS derived substantial revenue from cruises originating and terminating in various ports throughout the world including, Los Angeles, California.

9. At all times material, PARK WEST was and is a for-profit corporation with its principal place of business in the state of Michigan.[1]

10. At all times material, PARK WEST was and is an art dealer, with galleries all over the world, including aboard cruise ships, and specifically including the *Ruby Princess*.

11. At all times material, PARK WEST derived substantial revenue from selling art aboard cruise ships whose cruises originated and terminated in various ports throughout the world including, Los Angeles, California.

---

[1] At all times material hereto, PARK WEST was also doing business as PARK WEST AT SEA and/or PARK WEST GALLERY. Upon information and belief, one or both of these assumed names has expired. However, in an abundance of caution, Plaintiff incorporates these entities to the Complaint herein and PARK WEST GALLERIES, INC., PARK WEST AT SEA, and PARK WEST GALLERY are collectively referred to as "PARK WEST".

3

Complaint and Demand for Jury Trial

## FACTS COMMON TO ALL COUNTS

12. At all times material, PRINCESS operated, managed, maintained, supervised, chartered, and/or controlled a large commercial vessel named *Ruby Princess*.

13. At all times material, PRINCESS transported fare-paying passengers on cruises aboard its vessel *Ruby Princess*.

14. At all times material, PRINCESS had exclusive custody and control of the vessel.

15. At all times material, PRINCESS entered into a contract with PARK WEST for the provision of an Art Gallery aboard its vessels, including the *Ruby Princess,* for the benefit of PRINCESS' passengers, including the Plaintiff.

16. At all times material, PARK WEST was under the direction and control of PRINCESS and/or acted as the agent of PRINCESS, thereby rendering PRINCESS vicariously liable for the negligence of PARK WEST and its employees.

17. At all times material, PARK WEST owned and/or operated the Art Gallery aboard the vessel.

18. At all times material, PARK WEST employed and controlled its employee(s) and sales representative(s), who ran and operated the Art Gallery, including setting art work displays for shows and sales.

19. At all times material, PARK WEST's employee(s) and sales representative(s) were members of the crew aboard the vessel *Ruby Princess*.

20. At all times material, PARK WEST's employee(s) and sales representative(s) were also employed by and/or borrowed servant(s) of PRINCESS.

21. At all times material, the Plaintiff was a fare-paying passenger and lawfully aboard the vessel *Ruby Princess*.

22. On or about May 2, 2022, PRINCESS and PARK WEST marketed, advertised, invited, and encouraged passengers to attend an art sale taking place in the

4

Complaint and Demand for Jury Trial

Explorer Lounge located on the Promenade Deck (deck 7).

23. At all times material, PARK WEST arranged and set up the artwork displays in the Explorer Lounge.

24. On or about May 2, 2022, Plaintiff entered the Explorer Lounge to view the artwork and participate in the art sale.

25. As Plaintiff was walking in the Explorer Lounge, following the pathway created by the art displays, when she was severely injured when she tripped and fell over an obscured step.

26. These conditions were either created by the Defendants and their employees or had been in place for a sufficient period of time so that the Defendants knew or should have known about them through the exercise of reasonable care.

27. Alternatively, the Defendants and/or their employees, at all material times, undertook to maintain the subject area to ensure that passengers, including the Plaintiff, could safely walk aboard the vessel, and as previously stated, thereby acquired a duty to exercise reasonable care in those undertakings.

28. The dangerous nature of the obscured step was not open and obvious and there were no warning signs present to alert the Plaintiff of the same.

29. As a result of the negligence of Defendants, their vessel, and/or crew, the Plaintiff suffered serious, permanent, and debilitating injuries including a broken hip requiring medical disembarkation.

### FIRST CAUSE OF ACTION
### GENERAL MARITIME NEGLIGENCE AS TO PRINCESS

Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 29, and alleges as follows:

30. At all times material, Defendant owed the Plaintiff a non-delegable duty to exercise reasonable care required of an ocean common carrier for the safety of a fare-paying passenger.

31. Alternatively, at all material times, Defendant and/or its employees, engaged in certain affirmative undertakings, as hereafter alleged, and in doing so acquired a duty to exercise reasonable care in those undertakings.

32. On or about May 2, 2022, the Defendant and/or its agents, servants, joint venturers, and/or employees, breached its duty to provide the Plaintiff with reasonable care under the circumstances.

33. On or about May 2, 2022, the Plaintiff was injured, due to the fault and/or negligence of Defendant and/or its agents, servants, joint venturers, and/or employees, as follows:

a. Failure to provide its passengers, including the Plaintiff, with reasonable care under the circumstances;

b. Failure to provide the Plaintiff with a reasonably safe place to walk;

c. Failure to adequately warn the Plaintiff of tripping hazard(s) posed to her, including those due to obscured step;

d. Failure to have sufficient markings and warning so that the subject step was distinguishable, open, and obvious to passengers, including the Plaintiff;

e. Failure to adequately warn the Plaintiff of the risks and/or dangers associated with the poorly designed subject step and/or flooring surface, including carpeting and lighting;

f. Negligent selection, approval of, and/or use of the design, and layout of the Explorer Lounge including but not limited to subject step and/or flooring surface, including carpeting and lighting;

g. Failing to ensure that the subject area where Plaintiff's incident occurred was free of dangerous conditions and/or tripping hazard(s);

h. Failing to correct unreasonably dangerous conditions and/or tripping hazard(s) on and/or around the area where Plaintiff's incident occurred;

6
Complaint and Demand for Jury Trial

i. Failure to maintain the area where the Plaintiff's incident occurred free of unreasonably dangerous conditions and/or tripping hazard(s) and/or those such dangerous areas are closed off;

j. Failure to eliminate and/or modify the unreasonably dangerous conditions and/or tripping hazard(s) so as to make the subject flooring surface reasonably safe for passengers, including the Plaintiff;

k. Failure to promulgate and/or enforce adequate policies and procedures aimed at ensuring that the dangerous and/or hazardous condition(s) which caused Plaintiff's incident would be discovered and corrected;

l. Failure to properly train and instruct its employees/crewmembers to detect, report and remedy dangerous and/or hazardous conditions;

m. Failure to ascertain the cause of prior similar accidents happening so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's incident; and/or all of which caused and/or contributed to the Plaintiff becoming injured;

n. Negligent designing, laying out, and/or setting up artwork in such a manner as to obscure the subject step;

o. Failure to promulgate, implement and enforce policies and procedures for the safe operation of art sales, including the design, layout, and display of art;

p. Failure to train, supervise and oversee employees for the safe operation of art sales, including the safe display of art;

q. Other acts or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through discovery.

34. At all material times, Defendant had exclusive custody and control of the above-named vessel.

7

Complaint and Demand for Jury Trial

35. At all material times, Defendant negligently failed to determine, eliminate, modify, correct, or warn the Plaintiff of the dangerous and hazardous condition(s) which resulted in her injuries. Defendants violated the International Safety Management Code and failed to have a proper, adequate, and safe Safety Management System Manual and/or failed to properly implement the Safety Management System Manual aboard the vessel. All of which caused the Plaintiff to be injured.

36. Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

37. As a result of the negligence of Defendants, the Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of plaintiff's injures and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff will suffer losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

WHEREFORE the Plaintiff demands judgment for all damages recoverable under the law against the defendant and demands trial by jury.

## SECOND CAUSE OF ACTION
## <u>GENERAL MARITIME NEGLIGENCE AS TO PARK WEST</u>

Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 29, and alleges as follows:

38. At all times material, Defendant owed the Plaintiff a duty to exercise reasonable care under the circumstances.

39. Alternatively, at all material times, Defendant and/or its employees, engaged in certain affirmative undertakings, as hereafter alleged, and in doing so acquired a duty to exercise reasonable care in those undertakings.

40. On or about May 2, 2022, the Defendant and/or it agents, servants, joint venturers, and/or employees, breached its duty to provide the Plaintiff with reasonable care under the circumstances.

41. On or about May 2, 2022, the Plaintiff was injured, due to the fault and/or negligence of Defendant and/or its agents, servants, joint venturers, and/or employees, as follows:

    a. Failure to provide its passengers, including the Plaintiff, with reasonable care under the circumstances;

    b. Failure to provide the Plaintiff with a reasonably safe place to walk;

    c. Negligent designing, laying out, and/or setting up artwork in such a manner as to obscure the subject step;

    d. Failure to promulgate, implement and enforce policies and procedures for the safe operation of art sales, including the safe display of art;

    e. Failure to train, supervise and oversee employees for the safe operation of art sales, including the safe display of art;

    f. Failure to adequately warn the Plaintiff of tripping hazard(s) posed to her as a result of the display of the artwork and/or obscured step;

    g. Failure to have sufficient markings and warning so that the subject step

9

Complaint and Demand for Jury Trial

was distinguishable, open, and obvious to passengers, including the Plaintiff;

h. Failure to adequately warn the Plaintiff of the risks and/or dangers associated with the poorly designed walkway created by the art display including the subject step;

i. Failing to ensure that the subject area where Plaintiff's incident occurred was free of dangerous conditions and/or tripping hazard(s);

j. Failing to correct unreasonably dangerous conditions and/or tripping hazard(s) on and/or around the area where Plaintiff's incident occurred;

k. Failure to maintain the area where the Plaintiff's incident occurred free of unreasonably dangerous conditions and/or tripping hazard(s) and/or that such dangerous area are closed off;

l. Failure to eliminate and/or modify the unreasonably dangerous conditions and/or tripping hazard(s) so as to make the subject flooring surface reasonably safe for passengers, including the Plaintiff;

m. Failure to promulgate and/or enforce adequate policies and procedures aimed at ensuring that the dangerous and/or hazardous condition(s) which caused Plaintiff's incident would be discovered and corrected;

n. Failure to properly train and instruct its employees/crewmembers to detect, report and remedy dangerous and/or hazardous conditions;

o. Failure to ascertain the cause of prior similar accidents happening so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's incident; and/or all of which caused and/or contributed to the Plaintiff becoming injured;

p. Other acts or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through discovery.

10

Complaint and Demand for Jury Trial

42. At all material times, Defendant had exclusive custody and control of the artwork and displays.

43. Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

44. As a result of the negligence of Defendants, the Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of plaintiff's injures and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff will suffer losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

WHEREFORE the Plaintiff demands judgment for all damages recoverable under the law against the defendant and demands trial by jury.

### THIRD CAUSE OF ACTION
### GENERAL NEGLIGENCE AGAINST PRINCESS FOR THE CONDUCT OF ITS CREWMEMBER(S) BASED ON THE THEORY OF VICARIOUS LIABILITY

Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 29, and alleges as follows:

45. At all times material, Defendant and/or its crewmembers owed the Plaintiff a duty to exercise reasonable care under the circumstances.

46. Alternatively, at all material times, Defendant and/or its employees, engaged in certain affirmative undertakings, as hereafter alleged, and in doing so acquired a duty to exercise reasonable care in those undertakings.

47. On or about May 2, 2022, the Plaintiff was injured, due to the fault and/or negligence of Defendant and/or its agents, servants, joint venturers and/or employees,

11
Complaint and Demand for Jury Trial

as follows:

    a.    Failure to provide its passengers, including the Plaintiff, with reasonable care under the circumstances;

    b.    Failure to provide the Plaintiff with a reasonably safe place to walk;

    c.    Failure to adequately warn the Plaintiff of tripping hazard(s) posed to her, including those due to obscured step;

    d.    Failure to have sufficient markings and warning so that the subject step was distinguishable, open, and obvious to passengers, including the Plaintiff;

    e.    Failure to adequately warn the Plaintiff of the risks and/or dangers associated with the poorly designed subject step and/or flooring surface, including carpeting and lighting;

    f.    Negligent selection, approval of, and/or use of the design, and layout of the Explorer Lounge including but not limited to subject step and/or flooring surface, including carpeting and lighting;

    g.    Failing to ensure that the subject area where Plaintiff's incident occurred was free of dangerous conditions and/or tripping hazard(s);

    h.    Failing to correct unreasonably dangerous conditions and/or tripping hazard(s) on and/or around the area where Plaintiff's incident occurred;

    i.    Failure to maintain the area where the Plaintiff's incident occurred free of unreasonably dangerous conditions and/or tripping hazard(s) and/or that such dangerous area are closed off;

    j.    Failure to eliminate and/or modify the unreasonably dangerous conditions and/or tripping hazard(s) so as to make the subject flooring surface reasonably safe for passengers, including the Plaintiff;

    k.    Failure to promulgate and/or enforce adequate policies and procedures aimed at ensuring that the dangerous and/or hazardous condition(s)

12

Complaint and Demand for Jury Trial

which caused Plaintiff's incident would be discovered and corrected;

l. Failure to properly train and instruct its employees/crewmembers to detect, report and remedy dangerous and/or hazardous conditions;

m. Failure to ascertain the cause of prior similar accidents happening so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's incident; and/or all of which caused and/or contributed to the Plaintiff becoming injured;

n. Negligent designing, laying out, and/or setting up artwork in such a manner as to obscure the subject step;

o. Failure to promulgate, implement and enforce policies and procedures for the safe operation of art sales, including the design, layout, and display of art;

p. Failure to train, supervise and oversee employees for the safe operation of art sales, including the safe display of art;

q. Other acts or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through discovery.

48. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured but for the above acts and/or omissions.

49. As a result of the negligence of Defendants, the Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of plaintiff's injures and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

WHEREFORE the Plaintiff demands judgment for all damages recoverable under the law against the defendant and demands trial by jury.

## FOURTH CAUSE OF ACTION
## GENERAL NEGLIGENCE AGAINST PARK WEST FOR THE CONDUCT OF ITS EMPLOYEE(S) BASED ON THE <u>THEORY OF VICARIOUS LIABILITY</u>

Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 29, and alleges as follows:

50. At all times material, Defendant and/or its crewmembers owed the Plaintiff a duty to exercise reasonable care under the circumstances.

51. Alternatively, at all material times, Defendant and/or its employees, engaged in certain affirmative undertakings, as hereafter alleged, and in doing so acquired a duty to exercise reasonable care in those undertakings.

52. On or about May 2, 2022, the Plaintiff was injured, due to the fault and/or negligence of Defendant and/or its agents, servants, joint venturers, and/or employees, as follows:

    a. Failure to provide its passengers, including the Plaintiff, with reasonable care under the circumstances;

    b. Failure to provide the Plaintiff with a reasonably safe place to walk;

    c. Negligent designing, laying out, and/or setting up artwork in such a manner as to obscure the subject step;

    d. Failure to promulgate, implement and enforce policies and procedures for the safe operation of art sales, including the safe display of art;

    e. Failure to train, supervise and oversee employees for the safe operation of art sales, including the safe display of art;

    f. Failure to adequately warn the Plaintiff of tripping hazard(s) posed to her as a result of the display of the artwork and/or obscured step;

    g. Failure to have sufficient markings and warning so that the subject step

      was distinguishable, open, and obvious to passengers, including the Plaintiff;

h.    Failure to adequately warn the Plaintiff of the risks and/or dangers associated with the poorly designed walkway created by the art display including the subject step;

i.    Failing to ensure that the subject area where Plaintiff's incident occurred was free of dangerous conditions and/or tripping hazard(s);

j.    Failing to correct unreasonably dangerous conditions and/or tripping hazard(s) on and/or around the area where Plaintiff's incident occurred;

k.    Failure to maintain the area where the Plaintiff's incident occurred free of unreasonably dangerous conditions and/or tripping hazard(s) and/or that such dangerous area are closed off;

l.    Failure to eliminate and/or modify the unreasonably dangerous conditions and/or tripping hazard(s) so as to make the subject flooring surface reasonably safe for passengers, including the Plaintiff;

m.    Failure to promulgate and/or enforce adequate policies and procedures aimed at ensuring that the dangerous and/or hazardous condition(s) which caused Plaintiff's incident would be discovered and corrected;

n.    Failure to properly train and instruct its employees/crewmembers to detect, report and remedy dangerous and/or hazardous conditions;

o.    Failure to ascertain the cause of prior similar accidents happening so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's incident; and/or all of which caused and/or contributed to the Plaintiff becoming injured;

p.    Other acts or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through discovery.

15

Complaint and Demand for Jury Trial

53. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured but for the above acts and/or omissions.

54. As a result of the negligence of Defendants, the Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of plaintiff's injures and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff will suffer losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

WHEREFORE the Plaintiff demands judgment for all damages recoverable under the law against the defendant and demands trial by jury.

## Prayer for Relief

WHEREFORE, the Plaintiff respectfully requests the Court enter judgment in her favor and against the Defendants as follows:

1. To enter judgment in favor of the Plaintiff against Defendants on all causes of action as alleged herein;
2. To award compensatory damages in the amount to be ascertained at trial;
3. To award costs of suit and attorney's fees, as permitted by law;
4. For prejudgment interest according to proof; and
5. To enter such other and further relief as the Court deems just under the circumstances.

LIPCON MARGULIES & WINKLEMAN

DATED: March 3, 2023.

16

Complaint and Demand for Jury Trial

BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*

### Demand for Jury Trial

Plaintiff ROSEMARIE GALLOWAY hereby demands a trial by jury on all claims for relief.

LIPCON MARGULIES & WINKLEMAN

DATED: March 3, 2023.

BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*

17

Complaint and Demand for Jury Trial